IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02881-MEH

DERRICK HUFFAKER,

    Plaintiff,

v.

NAPHCARE, INC., and
JAMES RICE,

    Defendants.

## DEFENDANTS NAPHCARE, INC., AND JAMES RICE, NP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

COME NOW Defendants NaphCare, Inc., and James Rice, NP (collectively "NaphCare Defendants"), with their Response in Opposition to Plaintiff's Motion for Extension of Time. In support, Defendants submit the following brief per the Court's November 14, 2024, Order [ECF 19].

The NaphCare Defendants object to Plaintiff's Motion for Extension of time because Plaintiff has not shown good cause warranting any such extension. "An enlargement of the time period is by no means a matter of right." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013). Under Rule 6(b)(1), a district court may extend a deadline for "good cause." Fed. R. Civ. P 6(b)(1). If the request is made before the original deadline, the court need only find good cause for the extension. *Rachel v. Troutt*, 820 F.3d 390, 395 (10th Cir. 2016); Rule 6(b)(1)(A). Good cause requires a greater showing than excusable neglect. *Broitman v. Kirkland* (In re Kirkland), 86 F.3d 172, 175 (10th Cir. 1996). "Good cause comes into play in situations in which

there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004). Good cause requires the moving party to show the deadline "cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

The NaphCare Defendants object to an extension of time for Plaintiff to file a response for two reasons. First, Plaintiff has not shown good cause as to why he needs additional time to prepare a Response to Defendants' Motion to Dismiss, despite having notice of removal to federal court. Plaintiff attempts to shift the blame for his neglect of the case filings and deadlines by claiming he did not have adequate notice of the proceedings. Aside from this argument ignoring the basic duty of a party to independently monitor the case for filings and deadlines, there is no question that Plaintiff had notice of his case being removed to federal court. Plaintiff was sent notice of the removal via CCEF on October 17, 2024. Court records show that Plaintiff's counsel opened and read the email containing the Notice of Removal at 10:58 a.m. that same day:



Plaintiff, fully aware that his case had been removed to federal court, did not receive notice of any federal filing through the CM/ECF system because his attorneys chose not to file entries of appearance until November 15, 2024 [ECF 16, 17]. If after receiving notice of the removal Plaintiff had difficulty obtaining information about the federal case due to any scrivener's error in the filing (or any other reason), Plaintiff's counsel had no barrier to calling or emailing defense counsel to ask. In fact, Plaintiff's counsel has brought another matter against NaphCare in this District, and has had no trouble communicating with this same defense counsel in the past involving that case.

Plaintiff also states in his Motion that he did not receive any notice of the filing and first learned of it on November 12, 2024. [ECF 18] at ¶ 14. This is false. Defendants' Motion to Dismiss included two exhibits, both of which were Plaintiff's medical records. [ECF 13, 13-1, 13-2]. In order to protect Plaintiff's private health information, Defendants elected to file these records under restriction. *Id*. Per Local Rule 7.2, Defendants were required to confer with Plaintiff's

3

counsel prior to filing exhibits under restriction to determine if they objected. Accordingly, defense counsel emailed Plaintiff's counsel on October 24, 2024, informing him that Defendants were filing a responsive pleading, and that Defendants were anticipating filing Plaintiff's medical records as exhibits under restriction:

> From: Zachary Williams <zwilliams@hallboothsmith.com>
> Sent: Thursday, October 24, 2024 10:59 AM
> To: James Roberts <james.roberts@palmerperlstein.com>
> Cc: Dixie Child <DChild@hallboothsmith.com>; Brenda S. McClearn <BMcClearn@hallboothsmith.com>
> Subject: [EXTERNAL]Huffaker v. Rice, et al - motion to restrict filing [HBS-DMS.FID2417277]
>
> **Warning: This email originated from outside of our organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**
>
> Good morning,
>
> I am planning on filing some of Huffaker's medical records along with our responsive pleading in this case. I know the Complaint included some of his medical records, but I would like to file my exhibits as restricted as they contain his PHI. Please let me know by end of day if you oppose. Thanks!
>
> **Zachary Williams**
> Attorney at Law | Hall Booth Smith, P.C.
>
> O: 405.513.7111
> D: 405.509.7870
> 6301 Waterford Boulevard, Suite 200
> Oklahoma City, OK 73118
> hallboothsmith.com

That same day, Plaintiff's counsel responded with the following:

> From: James Roberts <james.roberts@palmerperlstein.com>
> Sent: Thursday, October 24, 2024 11:11 AM
> To: Zachary Williams
> Cc: Dixie Child; Brenda S. McClearn; Rachel Perez; Scott Palmer
> Subject: RE: [EXTERNAL]Huffaker v. Rice, et al – motion to restrict filing [HBS-DMS.FID2417277]
>
> No objection.
>
> Thanks,



**James P. Roberts**
Civil Rights Attorney
Licensed in Texas, California, Colorado, and Utah

15455 Dallas Parkway, Suite 540
Addison, Texas 75001
214-987-4100 Main
214-922-9900 Fax
254-709-7443 Cell

james@palmerperlstein.com

www.palmerperlstein.com

When injustice becomes law, resistance becomes duty.

4

Thus, there is no question that Plaintiff had notice of Defendants' filing of a Motion to Dismiss and of Plaintiff's medical records being attached as exhibits to the same. Plaintiff's attestations to the Court as to otherwise are simply incorrect.[1]

Finally, Plaintiff cites his counsel's busy schedule as sufficient reason to extend the deadline to file a Response. Defendants understand that Plaintiff's counsel has a busy schedule of upcoming mediations and other obligations. A busy work schedule, however, does not constitute good cause to extend a deadline. *Hoffmeister v. United Student Aid Funds, Inc.*, 818 F. App'x 802, 806 (10th Cir. 2020). Defendants also note that all but one of Plaintiff's cited obligations as to why they need additional time are set to take place <u>after</u> the deadline to file their Response to Defendants' Motion to Dismiss. See [ECF 18] at ¶ 17.

Overall, good cause requires diligence and a conscientious attempt to comply with the Court's deadlines. Plaintiff's failure to monitor his own case after receiving notice of the removal to federal court and notice of the Motion to Dismiss does not constitute good cause for an extension of time. Plaintiff did not make diligent efforts to meet the deadline despite receiving notice. Plaintiff's counsel did not do all they could do under the circumstances, and the delay is not due to reasons outside of Plaintiff's control. Plaintiff also should not be granted additional time to

---

[1] Defendants also object to Plaintiff's request for an extension of time as it would prejudice Defendants. While not the subject of this Motion and Response in Opposition currently before the Court, Plaintiff's admission that they did not have and needed time to review Plaintiff's medical records confirms Defendants' argument in their Motion to Dismiss that Plaintiff's counsel filed this case without first having reviewed Mr. Huffaker's medical records to determine if the allegations were true. See Doc. 13. Further, during the November 12, 2024 call between Plaintiff's counsel and Defense counsel, Plaintiff's counsel admitted to the undersigned that he had not reviewed the medical records before filing the case. Plaintiff should not be granted additional time to do the basic research into the validity or truthfulness of his allegations that should have been done before the case was filed. Failure to do research necessary to prove their case does not constitute good cause to extend or modify a deadline. See *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684 (D. Colo. 2000).

5

review records available to them prior to filing their Complaint. Having not shown good cause to extend the deadline, Plaintiff's Motion should be denied.

Dated: November 15, 2024.  Respectfully submitted,

/s/ Zachary Williams
Brenda S. McClearn
Zachary Williams
Hall Booth Smith, P.C.
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
Telephone:    303.773.3500
Facsimile:    720.806.2292
Email: bmcclearn@hallboothsmith.com
Email: zwilliams@hallboothsmith.com

*Attorneys for NaphCare, Inc. and James Rice*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on November 15, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Scott Palmer
James Roberts
PALMER PERLSTEIN
15455 Dallas Parkway, Suite 540
Dallas, Texas 75001
Email:  james@palmerperlstein.com

*Attorneys for Plaintiff*

/s/ Zachary Williams
Zachary Williams

6